UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Defendant. | Case No. 15-cr-00285-PCP-8<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 1177 |

Anthony Lek moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing "extraordinary and compelling" circumstances. Dkt. 1177, 2. Those circumstances may exist where the movant's immediate family member (including someone who is "similar in kind" to an immediate family) is incapacitated and the movant is the only available caregiver. U.S.S.G. 1B1.13(b)(3)(D). Once a movant has exhausted his administrative remedies—as Mr. Lek has—the district court may exercise its discretion to grant compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Wright*, 46 F.4th 938, 944–45 (9th Cir. 2022).

Mr. Lek fails to demonstrate that he is the "only available" caregiver for his mother-in-law. Other courts have determined that this requires that the alternative caretakers be "physically or mentally incapacitated," rather than be "significant[ly] burden[ed]" by their responsibility to provide that care. *United States v. Head*, No. 2:08-CR-00093-KJM, 2025 WL 2229803, at *4 (E.D. Cal. Aug. 5, 2025); *see also United States v. Cruz-Rivera*, No. 11-42, 2020 WL 5993352, at *5 (E.D. Pa. Oct. 9, 2020). Here, Mr. Lek has not demonstrated that his mother-in-law's current caretaker is incapacitated, nor has he demonstrated that no other adults would be available to step into the role.

**IT IS SO ORDERED.**

Dated: November 10, 2025

_____
P. Casey Pitts
United States District Judge